IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EGV COMPANIES, INC., )<br>)<br>Defendant. ) | Case No. 19-1170 |

## ANSWER

COMES NOW Defendant EGV COMPANIES, Inc., ("EGV") by and through its undersigned counsel, and for its Answer to Plaintiff Stewart Smith's ("Smith") Complaint in the above-styled cause of action, hereby states as follows:

### JURISDICTION & VENUE

1. The allegations of Paragraph 1 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

2. The allegations of Paragraph 2 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

### PARTIES

5. Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 and therefore denies the same.

6. Defendant denies that it is a Missouri corporation. Defendant admits remaining allegations of Paragraph 6.

## COMMON FACTUAL ALLEGATIONS

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. The allegations of Paragraph 18 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

19. The allegations of Paragraph 19 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

## FACTS SPECIFIC TO PLAINTIFF SMITH

20. Defendant is without sufficient information to admit or deny the allegations of Paragraph 20 and therefore denies the same.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25.  Defendant denies the allegations in Paragraph 25.

26.  Defendant denies the allegations in Paragraph 26.

27.  Defendant denies the allegations in Paragraph 27.

28.  Defendant denies the allegations in Paragraph 28.

29.  Defendant denies the allegations in Paragraph 29.

30.  Defendant denies the allegations in Paragraph 30.

31.  Defendant denies the allegations in Paragraph 31.

32.  The allegations of Paragraph 32 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

33.  The allegations of Paragraph 33 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

## **CLASS ACTION ALLEGATIONS**

34.  The allegations of Paragraph 34 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

35.  The allegations of Paragraph 35 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

36.  The allegations of Paragraph 36 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

37.  The allegations of Paragraph 37 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

38.  The allegations of Paragraph 38 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

39. The allegations of Paragraph 39 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

40. The allegations of Paragraph 40 and its subparts consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

41. The allegations of Paragraph 41 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

42. The allegations of Paragraph 42 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

## FIRST CAUSE OF ACTION

43. As and for its response to the First Cause of Action of Plaintiff's Class Action Complaint, Defendant adopts and incorporates its answers to Paragraphs 1 - 42 as set forth above *in haec verba*.

44. Defendant denies the allegations in Paragraph 44

45. Defendant denies the allegations in Paragraph 45

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. The allegations of Paragraph 52 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

53. Defendant denies the allegations in Paragraph 53.

WHEREFORE, having fully answered the First Cause of Action of Plaintiff's Class Action Complaint, Defendant requests that the Court:

(a) determine that this action cannot be maintained as a class action;

(b) dismiss Plaintiff's Class Action Complaint with prejudice on the merits;

(c) that Plaintiff take nothing by the Class Action Complaint;

(d) assess costs against Plaintiff;

(e) award Defendant its attorneys fees and expenses incurred in defending this matter; and

(f) award Defendant such other additional relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

54. As and for its response to the Second Cause of Action of Plaintiff's Class Action Complaint, Defendant adopts and incorporates its answers to Paragraphs 1 - 53 as set forth above *in haec verba*.

55. The allegations of Paragraph 55 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

56. The allegations of Paragraph 56 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

57. The allegations of Paragraph 57 consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

58. The allegations of Paragraph 58 and its subparts consist of arguments and legal conclusions to which no response is required. To the extent any response is required, they are denied by Defendant.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 64.

WHEREFORE, having fully answered the Second Cause of Action of Plaintiff's Class Action Complaint, Defendant requests that the Court:

(a) determine that this action cannot be maintained as a class action;

(b) dismiss Plaintiff's Class Action Complaint with prejudice on the merits;

(c) that Plaintiff take nothing by the Class Action Complaint;

(d) assess costs against Plaintiff;

(e) award Defendant its attorneys fees and expenses incurred in defending this matter; and

(f) award Defendant such other additional relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendant's responses to Plaintiff's Class Action Complaint set forth above are made subject to the defense(s) below. Unless expressly admitted above, Defendant denies each and every other allegation set forth in Plaintiff's Class Action Complaint not specifically admitted herein and demands strict proof thereof.

1. For further answering and for its First Affirmative Defense, Defendant states that Plaintiff's Class Action Complaint fails to state a claim upon which relief may be granted and is therefore subject to dismissal.

2. For further answering and for its Second Affirmative Defense, Defendant states that whatever alleged damages Plaintiff sustained, if any, were the result of Plaintiff's own acts or omissions.

3. For further answering and for its Third Affirmative Defense, Defendant states that Plaintiff failed to mitigate its damages.

4. For further answering and for its Fourth Affirmative Defense, Defendant states that Plaintiff voluntarily provided Defendant with its cell phone number and consented to receiving the phone calls; therefore, Plaintiff is estopped from asserting the cause of action set forth in the Class Action Complaint.

5. For further answering and for its Fifth Affirmative Defense, Defendant states that Plaintiff brought the cause of action set forth in its Class Action Complaint in bad faith and for the sole purpose of harassing Defendant. Therefore, Defendant is entitled to recover its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(b).

6. For further answering and for its Sixth Affirmative Defense, Defendant states that it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations and advertisements in violation of the regulations prescribed under the TCPA; and therefore, Defendant is not in violation of the TCPA.

7. For further answering and for its Seventh Affirmative Defense, Defendant states Plaintiff's counsel is unreasonably and vexatiously multiplying the proceedings in the above-captioned case; and therefore, Plaintiff's counsel should be made to pay the excess costs, expenses, and attorneys' fees reasonably incurred by Defendant because of such conduct – per 28 U.S.C. § 1927.

8. For further answering and for its Eighth Affirmative Defense, Defendant states that the claims of Plaintiff and the members of the purported class are barred, in whole or in part, under principles of waiver, estoppel and laches because, among other things, no prior complaint was made by the Plaintiff or any member of the purported class prior to the filing of Plaintiff's Complaint and the Plaintiff or any member of the purported class derived a benefit from the phone call(s) allegedly sent.

9. For further answering and for its Ninth Affirmative Defense, Defendant states that it had a prior and ongoing business relationship with Plaintiff through which Defendant had previously obtained permission to contact to Plaintiff by telephone.

10. For further answering and for its Tenth Affirmative Defense, Defendant states that the Plaintiff and anyone claimed to be a member of the purported class lacks standing to assert claims under Plaintiff's Class Action Complaint because, among other things, they have alleged no cognizable injury.

11. For further answering and for its Eleventh Affirmative Defense, Defendant states that Plaintiff's Class Action Complaint fails to satisfy the requirements of Federal law for class action treatment, as a result of which this action cannot be maintained as a class action.

12. For further answering and for its Twelfth Affirmative Defense, Defendant states that it did not make the phone calls alleged to be violative of the TCPA and therefore, committed no act in violation of the TCPA.

13. For further answering and for its Thirteenth Affirmative Defense, Defendant expressly reserves the right to assert any further affirmative defenses that are identified in the course of discovery and throughout the remainder of this litigation.

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, Defendant requests that the Court:

(a) determine that this action cannot be maintained as a class action;

(b) dismiss Plaintiff's Class Action Complaint with prejudice on the merits;

(c) that Plaintiff take nothing by the Class Action Complaint;

(d) assess costs against Plaintiff;

(e) award Defendant its attorneys fees and expenses incurred in defending this matter; and

(f) award Defendant such other additional relief as this Court deems just and proper.

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

BY: /s/Timothy A. Montgomery
Timothy Montgomery
PA I.D #94179
1500 One Gateway Center
Pittsburgh, PA 15222
(412) 66-6206
(412) 281-3388 facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of April, 2019, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following:

Barry Cohen
Two Logan Square
00 N. 18th Street, Suite 710
Philadelphia, PA 19103
(484) 362-2628
(484) 362-2630 (fax)
bcohen@rccblaw.com

Woodrow & Peluso, LLC
Patrick H. Peluso, Esq.
ppeluso@woodrowpeluso.com
Taylor T. Smith, Esq.
tsmith@woodrowpeluso.com
3900 East Mexico Ave., Suite 300
Denver, CO 80210
(720) 213-0675
(303) 927-0809 (fax)
*Attorneys for Plaintiff*

/s/Timothy A. Montgomery