**THOMAS J. CAMPENNI**
15 South Franklin Street
Wilkes-Barre, PA 18711
Tel:  570.826.5652
Fax:  570.706.3437
tcampenni@rjglaw.com

May 20, 2019

**VIA ECF**

The Honorable Mitchell S. Goldberg
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:     **Pre-Motion to Dismiss Letter**
        ***Smith v. EGV Companies, Inc.,*** **Civil Action No. 2:19-cv-01170-MSG**

Dear Judge Goldberg:

In accordance with this Court's 12(b) Procedural Order, dated March 1, 2019, Defendant EGV Companies Inc., submits this Pre-Motion to Dismiss Letter.  The Court previously granted a Joint Stipulation [D.E. 12] among the parties that provided an extension of time to answer the Complaint.  The intention of the Parties in filing the Joint Stipulation [D.E. 11] and the Motion to Withdraw the Answer [D.E. 10] was to provide Defendant EGV with an opportunity to present a Pre-Motion to Dismiss Letter, subject to defense counsel's review of the claim.  In accordance with the parties intent, and the relief requested in the Joint Stipulation and Motion to Withdraw Answer, EGV submits the following:

The Plaintiff's Complaint [D.E. 1], seeking to assert a class action, was filed on March 19, 2019, alleging two counts for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 et. seq. (the "TCPA") is deficient and should be dismissed.  The Complaint alleges an unspecified number of "calls from Defendant in or around February & March of 2019", Compl. ¶ 22, that purportedly violated the TCPA.  The Complaint fails to sufficiently allege facts establishing EGV initiated the purported calls at issue and lacks any plausible allegations supporting the existence of an agency relationship, ratification, or representations by EGV that the alleged unnamed entity purportedly acting on behalf of EGV acted with authority.

**Failure to Satisfy Rule 8 Standard**

Much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief against EGV.  Because the requisite factual allegations are not present in the Complaint, Plaintiff's claims should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Direct Liability**

Here, Plaintiff conflates the concept of direct liability with the concept of vicarious liability.  Direct liability under the TCPA applies only under certain circumstances and only to entities that "initiate" the telemarketing calls. *See In re Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013). A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Id.* at 6583 ¶ 26. Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers. *Id.* at 6593 ¶ 48.  Direct liability is limited to the person or entity that initiates (*i.e.,* physically places) the telephone call, and does not include the person or entity on whose behalf the telephone call was

Rosenn Jenkins & Greenwald LLP

May 20, 2019
Page 2

made. *In re Dish Network, LLC*, 28 F.C.C.R. at 6582-83 ¶¶ 24-26 (2013). Thus, it appears Plaintiff seeks to allege direct liability claims based on factual allegations typically asserted in support of vicarious liability claims; perhaps because Plaintiff noticeably is unable to provide a single specific allegation regarding the substance of the purported telephone calls in a manner that would support a theory of direct liability against EGV. Nonetheless, Plaintiff persists in his ill-founded claims that improperly conclude EGV is somehow liable under a theory of direct liability. Nowhere is it alleged that the name EGV was ever spoken or referred to during any alleged call with the Plaintiff.

Plaintiff does not allege the substance of the purported telephone calls at issue such that any facts are shown to support a theory of direct liability (*i.e.*, that EGV initiated the telephone call at issue). Indeed, Plaintiff's only allegations that seek to describe the telephone calls at issue provide: Plaintiff Smith received unsolicited telemarketing calls from Defendant in or around February & March 2019, Compl. ¶ 22, Plaintiff heard a pause and a click on the calls, indicative of an ATDS, Compl. ¶ 23, Plaintiff received calls from the numbers 267-300-0683 and 267-300-0681, Compl ¶ 24, all of the calls were made by agents or employees of EGV at the direction and oversight of EGV. Compl. ¶ 25.

As the foregoing allegations reveal, the limited substance of the purported telephone calls at issue that Plaintiff attempts to allege do not support a theory of direct liability against EGV; particularly as Plaintiff is unable to allege any facts supporting the conclusion that EGV physically placed the call to Plaintiff. Such threadbare allegations do not support the far-reaching conclusion that EGV itself initiated the purported telephone calls at issue. Because the Complaint fails to sufficiently allege facts establishing EGV initiated the alleged telephone call at issue, the Complaint cannot support claims of direct liability against EGV for any purported violation of the TCPA.

**A. Vicarious Liability**

Perhaps knowing he cannot allege facts sufficient to show EGV initiated the alleged telephone calls at issue, Plaintiff's Complaint hedges by seeking to also hold EGV liable under the TCPA through a theory of vicarious liability. *See, e.g.,* Compl. ¶¶ 8 ("calls . . . made on behalf of, for the benefit of . . . EGV"), 17 ("The calls were made . . . on EGV's behalf. . . ."), 25 ("All of the calls were made by agents . . . of EGV. . . ."), 43 ("Defendant . . . caused to be made calls to Plaintiff's and other No Consent Class Members' phones."). It appears Plaintiff seeks to recoup statutory damages from EGV under a theory of vicarious liability for the purported telephone calls alleged in the Complaint despite also seeking to recoup such damages from EGV under an opposing theory of direct liability for the same alleged telephone calls at issue.

In order to state a claim under a theory of vicarious liability, a Plaintiff must allege common law agency principles, addressing whether the principal exercised substantial control over the agent's actions, ratified the agent's conduct, or made representations that the agent acts with authority. *Dish Network, LLC*, 28 F.C.C.R. at 6586–87.[1] When evaluating vicarious liability under the TCPA, courts should consider the

---

1 Although it does not appear that this precise issue has been addressed in this District, based on circumstances similar to this case, other Federal Courts throughout the country agree on the propriety of dismissal for failure to allege facts in support of vicarious liability. *See, e.g., Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 139 (E.D.N.Y. 2015); *Smith v. State Farm Mutual Automobile Insurance Company*, 30 F.Supp.3d 765 (N.D. Ill. 2014); *Melito v. American Eagle Outfitters, Inc.*, Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC), 2015 WL 7736547, at *5-6 (S.D.N.Y. Nov. 30, 2015);

Rosenn Jenkins & Greenwald LLP

May 20, 2019
Page 3

factors identified by the FCC which address "the principal: (1) granting the agent access to information and systems that normally would be within the principal's exclusive control, including customer information; (2) allowing the agent to enter consumer information into the principal's sales or customer systems; (3) giving the agent authority to use the principal's trade name, trademark, or service mark; (4) approving, writing, or reviewing a transcript for the caller to use; or (5) knowing of TCPA violations and failing to stop such violations." *Dish Network, LLC*, 28 F.C.C.R. at 6592.  To sufficiently allege vicarious liability against a TCPA defendant, a plaintiff "must make it clear that he intends to do so, cite appropriate statutory provisions, and set forth relevant facts indicating that vicarious liability is proper." *Abramson v. 1 Glob. Capital, LLC*, No. 15-CV-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015).

   The Complaint lacks any plausible allegations supporting the existence of an agency relationship. The Complaint fails to allege with sufficient support substantial control by EGV over unnamed agents allegedly working on EGV's behalf, or that EGV ratified the unnamed agents' conduct, or made representations that the unnamed agents acted with authority.  The Complaint also fails to allege any facts satisfying the factors considered by the FCC, including that EGV had any control over the unnamed agents alleged telemarketing activities.  Plaintiff's conclusory allegations fail to state a claim for vicarious liability under the TCPA.  *See, e.g., Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440 (VEC), 2015 WL 7736547, at *7 (S.D.N.Y. Nov. 30, 2015) (granting defendant's motion to dismiss and explaining that "Plaintiffs must allege *some* facts regarding the relationship between an alleged principal and agent (or an alleged agent and sub-agent) and cannot simply allege general control in a vacuum."); *Christopher Seri v. Crosscountry Mortg., Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *6 (N.D. Ohio Sept. 28, 2016) (finding that conclusory allegations failed "to support an inference of vicarious liability").

   The Complaint's failure to allege any facts supporting the Plaintiff's dual theories of liability against EGV fails to inform EGV of what actions, if any, EGV is alleged to have taken in violation of the TCPA; particularly as Plaintiff must allege facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged TCPA violations sufficient to withstand a motion to dismiss, *Twombly*, 550 U.S. at 556. Plaintiff's factually deficient claims cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Tombly*, *Iqbal*, and their progeny.  The Complaint fails to allege sufficient facts – as opposed to conclusions and speculation – to support vicarious liability against EGV for a purported violation of the TCPA, and should be dismissed.

               Respectfully,

               /s/ *Thomas J. Campenni*

               THOMAS J. CAMPENNI

cc: All Counsel of Record (via ECF)
   William Tucker, Esquire (via ECF)

---

*Hossfeld v. Gov't Employees Ins. Co.*, 88 F.Supp.3d 504, 510 (D. Md. 2015); *In re Monitronics Intern., Inc. Telephone Consumer Protection Act Litigation*, No. 1:13MD2493, 2015 WL 1964951, at *9 (N.D. W.Va. Apr. 30, 2015).