IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>EGV COMPANIES, INC., a Missouri corporation,<br><br>  Defendant. | Case No. 2:19-cv-01170-MSG |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 9, 2019 and submit the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

<u>Plaintiff's Position</u>: Plaintiff Stewart Smith ("Plaintiff" or "Smith") brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, against Defendant EGV Companies, Inc. ("Defendant" or "EGV") to put an end to Defendant's unlawful telemarketing practices. The TCPA, § 227(b)(1)(A)(iii), prohibits any autodialed telemarketing calls to a cellular telephone without the called parties prior express written consent. Further, the TCPA, § 227(c)(5), prohibits entities from placing more than one telemarketing call to any telephone number registered on the national Do Not Call registry in any twelve month period.

Here, Plaintiff alleges that, absent any prior express written consent, Defendant began placing autodialed telephone calls to Plaintiff. Defendant placed the calls in an attempt to solicit

1

consumers to purchase auto warranties that it administers. Further, Plaintiff alleges that Defendant continues to place multiple calls to consumers registered on the national Do Not Call registry. Plaintiff seeks to certify two classes. The first class Plaintiff seeks to certify consists of all consumers that Defendant placed autodialed calls to where it failed to procure prior express written consent to place the calls. The second consists of all individuals whom Defendant called more than once whose telephone numbers are registered on the national Do Not Call registry. Plaintiff seeks statutory damages and injunctive relief for both himself and the members of the proposed classes.

<u>Defendant's Position:</u>  Defendant denies the Plaintiff's allegations and believes Plaintiff is not entitled to any relief under either cause of action and is not entitled to recover any damages by way of his Complaint.  Defendant did not and does not place calls to cellular telephones in order to deliver telemarketing messages as alleged in the Complaint.  Defendant did not and does not place calls in violation of the National Do-Not-Call List, as it does not place telemarketing calls to consumers, as alleged in the Complaint.  Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent, if they occurred, were caused by the acts of third parties over which Defendant had no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are de minimis and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.  Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common

or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

Plaintiff and/or the putative class Plaintiff seeks to represent expressly consented to, ratified, and/or acquiesced in receiving the subject alleged telephone calls, if they occurred.

**2.     Informal Disclosures**

Both parties have exchange the disclosures required by Rule 26(a)(1). Further, the parties have not agreed to exchange any disclosures beyond those required by Rule 26(a)(1).

**3.     Formal Discovery**

Plaintiff's Position:

*(a)     Completion of Discovery;*

Plaintiff anticipates that extensive discovery will be necessary in the case. The following is a non-exhaustive list of the subjects on which the Plaintiff expects discovery will be necessary:

(1)    The number of telephone calls placed by Defendant or on Defendant's behalf to Plaintiff and the proposed Classes;

(2)    The identity of the person(s) and/or entities responsible for placing the calls;

(3)    The content and purpose of the calls;

(4)    The equipment used to place the calls;

(5)    Whether the equipment used to place the calls constitutes an automatic telephone dialing system;

(6)    Defendant's policies and procedures to ensure compliance with the national Do Not Call registry;

(7)     Whether Defendant willfully violated the TCPA; and

(8)     The number of class members in the proposed Classes.

Accordingly, given the complexity of this case, Plaintiff respectfully requests that the Court enter a scheduling order allowing discovery to commence for a period of eleven (11) months. Discovery should proceed with respect to both class certification and merits issues with a proposed end date of April 20, 2020. The parties suggested deadlines for expert witness disclosures can be found in Section 5, *infra*.

(b)     *Filing of any motion for class certification and responsive briefing;*

Following the close of this initial eleven (11) month discovery period, the Parties will brief class certification. Plaintiff shall file his motion for class certification on or before May 1, 2020. Plaintiff proposes that the deadlines for briefing any class decertification motion should run concurrent to the briefing schedule for the class certification motion.

Defendant's Position:  Defendant agrees to the timeline proposed for discovery by Plaintiff, with one exception.   Defendant disagrees with Plaintiff's proposal for the motion for class certification timeline. Defendant proposes a deadline of February 3, 2020 for Plaintiff to file his motion for class certification as Defendant believes the Motion for Class Certification should be filed before the discovery period is closed.  Alternatively, Defendant proposes that if the Motion for Class Certification remains May 1, the discovery deadline should be moved to July 1.  Defendant also does not believe that the deadline for a potential motion for class decertification should run concurrently with the motion for class certification. Defendant intends to conduct discovery on subjects which include, without limitation:

a. All issues raised in Plaintiff's Complaint and other pleadings, the factual basis for Defendant's alleged liability and defenses, Plaintiff's claims for damages and mitigation of damages, if any.
b. Defendant intends to depose Plaintiff and any witness identified by Plaintiff as supporting

4

his claims.

c. Dependent on the information Defendant uncovers during discovery, and without limitation, at this time Defendant anticipates retaining an expert regarding ATDS technology.

**4.     Electronic Discovery**

The parties do not agree to limit the production of electronically stored information beyond the general limitations imposed by Fed. R. Civ. P. 26.

**5.     Expert Witness Disclosures**

The parties anticipate that expert witnesses may be necessary with respect to the issue of whether or not Defendant's equipment constitutes an ATDS and potentially other issues that arise. Therefore, the parties propose that they shall disclose their initial expert reports on or before January 24, 2020, and shall disclose their rebuttal expert reports on or before February 28, 2020.

**6.     Early Settlement or Resolution**

The parties have discussed the applicability of ADR to this action. At this time, settlement or ADR is premature, however, discussions are ongoing. The parties agree to engage in a private mediation session on or before June 19, 2020.

**7.     Trial**

The parties do not suggest a firm trial date at this time. Instead, the parties anticipate that a jury trial should take place in or around November 2020 and anticipate seven (7) days of trial will be necessary.

**8.   Other Matters**

The parties propose the following additional deadlines:

- Motions to Add Parties or to Amend Pleadings due: October 19, 2019;
- Dispositive Motions due: July 19, 2020; and
- Daubert Motions due: July 19, 2020.

Respectfully submitted,

Dated: May 20, 2019

By: /s/ Taylor T. Smith
     One of Plaintiff's Attorneys

Barry L. Cohen
bcohen@rccblaw.com
Royer Cooper Cohen Braunfeld LLC
101 W. Elm St., Suite 400
Conshohocken, Pennsylvania 19428
Telephone: 484-362-2620
Facsimile: 484-362-2630

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice*

Dated: May 20, 2019

By: /s/ William Tucker
     One of Defendant's Attorneys

Thomas J. Campenni
tcampenni@rjglaw.com
Rosenn, Jenkins & Greenwald

        15 South Franklin Street
        Wilkes-Barre, Pennsylvania 18711
        Telephone: (570) 826-5652

        William Tucker*
        william.tucker@gmlaw.com
        Greenspoon Marder LLP
        200 East Broward Boulevard, Suite 1800
        Fort Lauderdale, Florida 3301
        Telephone: (954) 527-6208
        Facsimile: (954) 333-4208

        Attorneys for Defendant

        * *Pro Hac Vice pending*

## **CERTIFICATE OF SERVICE**

I, Taylor T. Smith, an attorney, hereby certify that on May 20, 2019 I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

        /s/ Taylor T. Smith